## ARTEMAS BIGELOW *vs.* AARON COLTON.

One who puts his name, before delivery, on the back of a promissory note payable to the maker or order, and indorsed by the maker, is an indorser, and not a joint maker; and his liability cannot be varied by parol evidence.

ACTION OF CONTRACT against Aaron Colton as a joint and several maker of this promissory note :

" Great Barrington, July 18th 1857. Two months after date I promise to pay to the order of myself two hundred and fifty dollars at the Mahaiwe Bank, for value received.

" Edwin Hurlbut."

Upon the back of the note was the signature of Hurlbut, and under it that of Colton ; and at the trial in the court of common pleas it appeared that both names were signed before the delivery of the note to the plaintiff; the signature of Hurlbut being made first. *Bishop,* J. ruled that the defendant could not be held as a maker, and directed a verdict for the defendant, which was returned, and the plaintiff alleged exceptions.

*B. Palmer,* for the plaintiff. A person, not a party to a note, putting his name upon the back of it, before it is delivered, thereby becomes liable as a maker of the note. *Josselyn* v. *Ames,* 3 Mass. 274. *White* v. *Howland,* 9 Mass. 314. *Baker* v. *Briggs,* 8 Pick. 130. *Austin* v. *Boyd,* 24 Pick. 64. *Richardson* v. *Lincoln,* 5 Met. 203. *Union Bank* v. *Willis,* 8 Met. 504. *Benthall* v. *Judkins,* 13 Met. 265.

*S. B. Sumner,* (*I. Sumner* with him,) for the defendant.

BIGELOW, J. A promissory note payable to the order of the maker, and by him indorsed, is in legal effect a note payable to bearer. By placing his name on the back of the note, the maker agrees to pay it to whomsoever may be the holder thereof. Story on Notes, §§ 16, 36 *a.* Although a note payable to bearer is transferable by delivery, it may also be transferred by the indorsement of any holder. In such case, the indorser incurs the same obligations and liabilities as an indorser of a note payable to order, and is entitled to demand and notice. Story on Notes, § 132.

This case does not fall within that anomalous class of cases where a third person, neither maker nor payee, puts his name on the back of a note before its indorsement by the payee; but is the ordinary case of an indorsement of a note payable to bearer, the effect of which cannot be varied or controlled by parol proof. *Pierce* v. *Mann,* 17 Pick. 244. *Howe* v. *Merrill,* 5 Cush. 80. *Prescott Bank* v. *Caverly,* 7 Gray, 220.

*Exceptions overruled.*[*]

---

[*] A similar decision was made at Boston at January term 1860.

JARVIS M. LAKE *vs.* LEBBEUS STETSON & another.

ACTION OF CONTRACT against Stetson and Bates as joint makers of a promissory note, signed by Stetson, payable to his own order, and indorsed first by Stetson and then by Bates. Stetson was defaulted. At the trial in the superior court of Suffolk at November term 1858, *Allen,* C. J. rejected evidence, offered by the plaintiff, that the note was given by the defendants as part of the consideration of a joint purchase by them, and that the note and all the signatures thereon were made at one interview and before the delivery of the note; both defendants declaring at the time that it was a joint note, and the plaintiff receiving it as such. A verdict was taken for the defendant Bates, and the plaintiff's exceptions were

*Overruled by this court.*

J. A. *Andrew* & J. W. *Browne,* for the plaintiff, cited *Chaffee* v. *Jones,* 19 Pick. 260; *Union Bank* v. *Willis,* 8 Met. 504; *Hawkes* v. *Phillips,* 7 Gray, 284; *Riley* v. *Gerrish,* 9 Cush. 104; *Austin* v. *Boyd,* 24 Pick. 64; *Richardson* v. *Lincoln,* 5 Met. 201; *Newell* v. *Holton,* 10 Gray.

J. W. *May,* for the defendant Bates.